# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JOHNNY MOORE, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-85 (MTT) |
| HARROD'S PALLET COMPANY LLC, | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Plaintiff's motion for default judgment. Doc. 6. Because the Plaintiff's complaint fails to state a claim to relief that is plausible on its face, the motion is **DENIED**.

## I. BACKGROUND

The Plaintiff filed this action on February 28, 2017, alleging that the Defendant, Harrod's Pallet Company LLC, subjected the Plaintiff to "unlawful discrimination on the basis of his age in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. and 42 U.S.C. § 1981A." Doc. 1 ¶ 18. The summons to the Defendant was returned executed on March 20. Doc. 4. The Defendant has failed to plead or otherwise defend against the suit. On May 31, the Clerk of Court entered default against the Defendant. The Plaintiff now moves the Court for default judgment, arguing that the Defendant's "default established Defendant's liability for discrimination based on age in violation of Title VII." Doc. 6-1 at 4. The Plaintiff also requests a hearing to determine the damages owed him. *Id.* The Defendant has not responded to Plaintiff's motion.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court must enter a party's default if that party's failure to plead or otherwise defend an action against it "is shown by affidavit or otherwise." After default has been entered, the Clerk may enter a default judgment on the plaintiff's request if the claim "is for a sum certain or a sum that can be made certain by computation," as long as the party is not a minor or incompetent and has not made an appearance. Fed. R. Civ. P. 55(b)(1). In all other cases, the plaintiff must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2).

After the Clerk's entry of default, a defendant is deemed to admit all well-pleaded factual allegations in the complaint. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] However, an entry of default against the defendant does not establish that the plaintiff is entitled to a default judgment. The defendant is not deemed to admit facts that are not well-pleaded or conclusions of law. *Id*. "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim," and default judgment is appropriate if the uncontested complaint alleges "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Surtain v. Hamlin Terrace Found*., 789 F.3d 1239, 1245 (11th Cir. 2015) (internal quotation marks and citations omitted).

Here, the Plaintiff alleges that the Defendant violated Title VII by discriminating against the Plaintiff on the basis of age. But Title VII prohibits employment discrimination against an individual when the discrimination is "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000(e)-2.

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Employment discrimination against an individual "because of such individual's age," on the other hand, is prohibited by the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 623(a). The ADEA is not alleged in the Plaintiff's complaint. And the Plaintiff has not set forth sufficient (or any) factual matter, accepted as true, to state a claim for employment discrimination because of race, color, religion, sex, or national origin. Accordingly, the Plaintiff's complaint fails to state a claim to relief that is plausible on its face, and the motion for default judgment must be **DENIED**.

### III. CONCLUSION

The Plaintiff's motion for default judgment (Doc. 6) is **DENIED**.

**SO ORDERED**, this 13th day of June, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT