IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOHNNY MOORE, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-85 (MTT) |
| HARROD'S PALLET COMPANY LLC, | ) |
| Defendant. | ) |

**ORDER**

Plaintiff Johnny Moore moves for default judgment against Defendant Harrod's Pallet Company LLC on Moore's ADEA claim. Doc. 18. As discussed below, the motion (Doc. 18) is **DENIED**.[1]

Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court must enter a party's default if that party's failure to plead or otherwise defend an action against it "is shown by affidavit or otherwise." After default has been entered, the Clerk may enter a default judgment on the plaintiff's request if the claim "is for a sum certain or a sum that can be made certain by computation," as long as the party is not a minor or incompetent

---

[1] A hearing on the motion was scheduled for January 31, 2018, but Moore fell ill, and the hearing was canceled. Moore's counsel was to notify the Court when Moore recovered from his illness. Moore has yet to notify the Court that he is ready for the hearing, and the Court has not heard from Moore's counsel since May 17, when the Court sent a letter to Moore's counsel noting it appeared that Moore's amended complaint could not establish liability because it failed to allege that Harrod's Pallet is subject to the ADEA as an employer with twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year. Doc. 19; 29 U.S.C. § 630(b) (defining an "employer" pursuant to the ADEA).

and has not made an appearance. Fed. R. Civ. P. 55(b)(1). In all other cases, the plaintiff must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2).

After the Clerk's entry of default, a defendant is deemed to admit all well-pleaded factual allegations in the complaint. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] However, an entry of default against the defendant does not establish that the plaintiff is entitled to a default judgment. The defendant is not deemed to admit facts that are not well-pleaded or conclusions of law. *Id.* "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim," and default judgment is appropriate if the uncontested complaint alleges "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal quotation marks and citations omitted).

Here, Moore alleges that Harrod's Pallet violated the ADEA by discriminating against him on the basis of age. *See generally* Doc. 14. But the ADEA defines an "employer" liable under the statute as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b). Nowhere in Moore's complaint, which had to be amended after his original complaint inexplicably sought relief under Title VII rather than the ADEA, does Moore allege that Harrod's Pallet meets this definition of "employer." *See generally* Doc. 14. Accordingly, because the fact is not well-pleaded, Harrod's Pallet cannot be deemed to admit that it

---

[2] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

is an "employer" pursuant to the ADEA. The uncontested complaint fails to allege sufficient factual matter to state a claim, and the motion for default judgment (Doc. 18) is **DENIED**.

**SO ORDERED**, this 5th day of July, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT