# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JOHNNY MOORE, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-85 (MTT) |
| HARROD'S PALLET COMPANY LLC, | ) |
| Defendant. | ) |

## ORDER

On December 13, 2018, a bench trial was held to resolve the claims brought by Plaintiff Johnny Moore against Defendant Harrod's Pallet Company, LLC. Doc. 29. Because the Defendant failed to appear at the trial, only Moore presented his case. *Id.* At the conclusion of Moore's case, the Court ordered Moore to file proposed findings of fact and conclusions of law and a motion for attorney's fees. *Id.* Moore complied. Doc. 32. For the following reasons, judgment is entered in favor of Moore, and his motion for attorney's fees (Doc. 32) is **GRANTED**.

## I. PROCEDURAL BACKGROUND

On February 28, 2017, Moore filed his complaint against his previous employer, Defendant Harrod's Pallet Company, alleging that the Defendant fired him because of his age in violation of Title VII of the Civil Rights Act of 1964. Doc. 1. The summons to the Defendant was returned executed on March 20. Doc. 4. The Defendant failed to plead or otherwise defend against the suit. Moore filed a motion for entry of default, which was granted by the Clerk of Court, and proceeded to file a motion for default

judgment. Docs. 5; 6. The Court denied his motion for default judgment for failing to allege a violation of the Age Discrimination in Employment Act of 1967 and ordered Moore to show cause as to why his case should not be dismissed for failure to state a claim upon which relief could be granted. Docs. 7; 8.

On July 5, 2017, Moore filed his response and a motion to amend his complaint, which the Court granted. Docs. 11; 12; 13. After filing his complaint alleging a violation of the ADEA, rather than the Civil Rights Act, Moore served the Defendant. Docs. 14; 15; 16. The Defendant, again, failed to plead or otherwise defend against the suit.

At Moore's request, the Court convened a bench trial on December 13, 2018. Doc. 29. Only Moore appeared and presented evidence. *Id.* At the conclusion of the trial, the Court did not issue a judgment and ordered Moore's counsel to submit proposed findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure. *Id.* Moore's counsel complied. Doc. 32.

## II. FINDINGS OF FACT

The Court makes the following findings of fact based on Moore's evidence presented at trial:

1.

Moore was hired by the Defendant in February 2016 as a lumber inspector. Doc. 31 at 4:24-5:3, 5:14-21.

2.

Moore was sixty-six years old when he was hired by the Defendant. *Id.* at 5:4-6.

3.

The Defendant manufactured pallets from raw lumber and shipped those pallets in and out of the State of Georgia. *Id.* at 5:7-13.

4.

The Defendant employed between forty and sixty people. *Id.* at 5:24-6:1.

5.

Moore was paid $8.00 per hour while working for the Defendant. *Id.* at 6:2-4.

6.

Moore never received any disciplinary or performance warnings from the Defendant while employed by the Defendant. *Id.* at 10:22-11:1.

7.

The owner of the Defendant company was Donald Harrod. *Id.* at 6:16-21.

8.

Moore was terminated in February 2016 after Harrod asked Moore at work how old he was, Moore told him, and Harrod told Moore that Moore was "too old to be back there with the younger guys." *Id.* at 5:5-17, 7:9-11.

9.

Moore remained unemployed for six months until August 2016. *Id.* at 10:16-21, 11:14-22.

10.

Moore filed a complaint with the Equal Employment Opportunity Commission immediately after he was terminated in February 2016. *Id.* at 7:17-9:16; Doc. 30-1.

11.

The EEOC issued Moore a Notice of Right to Sue on December 6, 2016.  Doc. 14 ¶ 8.

12.

Moore timely filed this action against the Defendant.  *Id.* ¶ 9.

13.

Moore requested back pay, liquidated damages, and attorney's fees.  Doc. 31 at 12:12-22.

## III.  CONCLUSIONS OF LAW

The Court makes the following conclusions of law:

1.

The ADEA defines a covered employee as an individual "who [is] at least 40 years of age."  29 U.S.C. § 631.  Moore is a covered former employee under the ADEA because he was sixty-six years old when he was hired and ultimately fired by the Defendant.  Doc. 31 at 5:4-6.

2.

The ADEA defines an "employer" liable under the statute as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."  29 U.S.C. § 630(b).  The Defendant is a covered employer because it employed between forty and sixty people.  Doc. 31 at 5:24-6:1.

3.

The ADEA prohibits covered employers from terminating a covered employee because of the employee's age. 29 U.S.C. § 623(a)(1). At trial, a plaintiff bringing an ADEA claim must prove, by a preponderance of the evidence, that age was the "but-for" cause of the employer's adverse employment action through direct or circumstantial evidence of discriminatory intent. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 164, 180 (2009) (citations omitted); *Alphsin v. Sears, Roebuck & Co.*, 940 F.2d 1497, 1500 (11th Cir. 1991) (citations omitted). Moore showed through a preponderance of the evidence at trial that the Defendant violated the ADEA when it fired him because he was "too old." Doc. 31 at 5:5-17, 7:9-11.

4.

To determine that the defendant terminated the plaintiff because of the plaintiff]'s age, the factfinder must find by a preponderance of the evidence that the defendant would not have terminated the plaintiff had the plaintiff been younger, but everything else had been the same. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 178 (2009) (citation omitted); *see Mora v. Jackson Mem'l Found., Inc.*, 597 F.3d 1201, 1203-04 (11th Cir. 2010) (holding that the "mixed motive" defense is not available in ADEA cases). Moore never received any disciplinary or performance warnings from the Defendant while employed by the Defendant. Doc. 31 at 10:22-11:1. The evidence produced at trial shows by a preponderance of the evidence that Moore was fired by the Defendant only because of his age. *Id.* at 5:5-17, 7:9-11.

## IV.  DAMAGES

When a plaintiff prevails on an age discrimination claim, he is entitled to certain damages under the ADEA. 29 U.S.C. § 216(b).  Under the ADEA, employees may recover lost wages, liquidated damages, and attorney's fees and costs.  *Id.*

Moore has requested $7,680.00 in lost wages.  Doc. 31 at 12:12-19.  Employees who win age discrimination cases may recover wages they lost as a result of the employer's discriminatory act by showing that they were injured as a result.  *See Nance v. Maxwell Fed. Credit Union*, 186 F.3d 1338, 1342 (11th Cir. 1999).  Moore was paid $8.00 per hour and was unemployed for six months.  Doc. 31 at 12:12-19.  Thus, the Defendant is liable to Moore for **$7,680.00** ($8.00 per hour at forty hours per week for twenty-four weeks, or six months) in lost wages.

Moore has also requested an additional $7,680.00 in liquidated damages.  *Id.*  Congress intended to punish employers who act "willfully" when violating the ADEA by allowing plaintiffs to recover liquidated damages.  *Trans World Airlines v. Thurston*, 469 U.S. 111, 125 (1985).  However, liquidated damages awarded may not exceed back pay.  *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 715 (1945).  To prove entitlement to liquidated damages, a plaintiff must establish that the employer knew its conduct was prohibited or showed reckless disregard for whether its conduct was prohibited by the ADEA.  *Formby v. Farmers & Merchants Bank*, 904 F.2d 627, 632 (11th Cir. 1990).  Moore made no such showing here and is thus not entitled to liquidated damages.

Moore has also requested attorney's fees and expenses.  Successful ADEA plaintiffs who are awarded damages may, upon proper proof, recover reasonable

attorney's fees and costs.  29 U.S.C. § 216(b); *Salvatori v. Westinghouse Elec. Corp.*, 190 F.3d 1244, 1244 (11th Cir. 1999).  Moore's counsel has submitted proper proof, including an affidavit summarizing his legal experience and reasonableness of his hourly billing rate (Doc. 32-1); a detailed record of the legal tasks performed for this case with the hourly billing rate (Doc. 32-2); and a detailed record of the costs incurred for this case (Doc. 32-3).

"The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citation and quotation marks omitted).  This number is called the "lodestar," and "there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve."  *Id.* (citation and quotation marks omitted).  The district court should exclude "hours that were not reasonably expended," such as work that was "excessive, redundant, or otherwise unnecessary."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

In determining whether a lodestar is reasonable, the district court should consider twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*: (1) the time and labor required; (2) the novelty and difficulty; (3) the skill required to perform the legal service properly; (4) the opportunity cost of the attorney's inability to work on other cases as a result of accepting this one; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount of money at issue and the results obtained; (9) the experience and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the

professional relationship with the client and (12) attorney's fee awards in similar cases. 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blancher v. Bergeron*, 489 U.S. 87 (1989); *see also Blancher*, 489 U.S. at 92 ("*Johnson*'s 'list of 12' thus provides a useful catalog of the many factors to be considered in assessing the reasonableness of an award of attorney's fees."). Downward adjustment of the lodestar is "merited only if the prevailing party was partially successful in its efforts," a determination the district court makes on a case-by-case basis. *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1993).

By failing to appear at trial and file any response to Moore's complaints and motions for default judgment, the Defendant has not contested the availability of attorney's fees, the costs incurred by Moore, the time expended by Moore's counsel, Moore's counsel's rate of $250 per hour, or any of the other *Johnson* factors. The Court finds the 26.70 hours of time expended by Moore's counsel was necessary and his hourly rate of $250 to be reasonable given his experience. Docs. 32-1; 32-2. Thus, Moore is entitled to recover attorney's fees in the amount of **$6,675.00**. The court also finds the total ancillary costs for Moore's litigation to be reasonable and necessary. Thus, Moore is entitled to recover **$606.87** in costs, which includes $400.00 for the court filing fee, $25.47 in mailing costs, $101.66 in process server fees, $19.99 in print and copy charges, $5.00 in parking, and $54.75 for a copy of the trial transcript. Doc. 32-3.

## V.  CONCLUSION

For the reasons discussed above, judgment is entered in favor of Plaintiff Johnny Moore, and his motion for attorney's fees (Doc. 32) is **GRANTED**. The Court finds that

Moore should be awarded $14,961.87: attorney's fees in the amount of $6,675.00 (26.70 at $250.00 per hour), costs in the amount of $606.87, and lost wages in the amount of $7,680.00 ($8.00 per hour at forty hours per week for twenty-four weeks, or six months). Accordingly, Defendant Harrod's Pallet Company, LLC is **ORDERED** to pay Moore **$14,961.87 in UNITED STATES CURRENCY**.

**SO ORDERED**, this 25th day of January, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT